IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JANIE D. COBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10-cv-502-MHT |
| | ) | (wo) |
| STATE OF ALABAMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. *See* Doc. 3. Pending before the Court is *Defendants' Motion to Dismiss or in the Alternative, for More Definite Statement* (Doc. 14, filed 10/2/10). For good cause, it is the Recommendation of the Magistrate Judge that the District Court grant in part and deny in part the Motion to Dismiss and deny the alternative motion for more definite statement.

**I. PARTIES**

Plaintiff, Janie D. Cobb ("Cobb" or "Plaintiff"), is a resident of Montgomery, Alabama, which is within the Middle District of Alabama.

Defendants who filed the motion to dismiss are the State of Alabama ("the State"), State of Alabama Department of Human Resources ("DHR"), former governor Bob Riley

("Riley"), DHR Commissioner Nancy Buckner ("Buckner"), Conitha King ("King"), and Craig Nelson ("Nelson").[1]

## II.   JURISDICTION

The Court finds that it exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction), 42 U.S.C. § 2000e-5 (Title VII), 42 U.S.C. § 2000d (Title VI), 42 U.S.C. § 12101 (Americans with Disabilities Act); 42 U.S.C. § 1343(a) (civil rights), 42 U.S.C. § 1983 (Civil Rights Act of 1871, as amended), and 29 U.S.C. § 2601, *et seq*. (Family and Medical Leave Act of 1993).  The parties do not contest personal jurisdiction or venue, and the Court finds adequate allegations sufficient to support both.

## III.   NATURE OF THE CASE/FACTUAL BACKGROUND

The underlying facts of this case are necessarily viewed in favor of the nonmovant Plaintiff.  On June 11, 2010, Cobb initiated this action by filing her Complaint.  *See* Doc. 1. Cobb avers she worked for DHR since 1982.  Cobb states that from October 20, 2008 to September 8, 2009, she was required to sit and work with chemicals and that the chemical Cadmium was the cause of her health complaints.  Defendants allegedly received a notice of Family and Medical Leave Act ("FMLA") form on October 20, 2008 and involuntarily placed Cobb on long-term sick leave.  Defendant Nelson approving the FMLA form was, according the Cobb, an attempt to force a perceived disability on her.  At some point, Cobb

---

[1] One additional defendant remains who was not part of the motion to dismiss. Defendant Jackie Graham filed her answer on October 5, 2010 and is not considered in addressing this motion to dismiss.

was permitted to return to work, but will still seated in or near chemicals despite a medical note that she should be moved. On September 8, 2009, Cobb was forced to go on long term leave for a second time - this time by Defendant King. When Cobb filed her complaint she was still on the mandatory leave. Cobb also alleges that Defendants passed around falsified information while she was off. All these acts have resulted in pain and suffering as well as a loss of income and employment benefits. *See id*. at 4-6.

Cobb specifically alleges that the Defendants' conduct was unlawful discrimination on the basis of age, gender, and perceived disability in violations of the FMLA (Count I), Title VI (Count II), Title VII (Count III), and the ADA (Count IV). *Id*. at p. 6-8. She seeks "declaratory relief; individual and systemic injunctive relief; actual, compensatory, declaratory, and punitive damages; attorney's fees; and costs of litigation for said discrimination, retaliation, defamation, and harassment and embarrassment perpetuated by Defendant." *See* Doc. 1 at p. 2.

### IV. DEFENDANTS' MOTION TO DISMISS

In the pending Motion to Dismiss, Defendants assert Cobb's claims fail for the following reasons:

(1)　Plaintiff's claims are barred by *res judicata*;

(2)　Plaintiff's claims against the individually named defendants are barred;

(3)　Plaintiff's claims against the State and DHR are barred because of the Eleventh Amendment immunity.

*See* Doc. 14 generally. Specifically, Defendants assert that the claims were raised or could have been raised in *Cobb v. State of Alabama, Dep't of Human Resources*, Civ. Act. No. 2:09-cv-226-MEF (hereinafter "Cobb 1"). *See* Doc. 14 at p. 4-6. Next, Defendants state the individuals are not subject to suit under Title VII, ADEA, ADA, or FMLA. *Id*. at p. 6-7. Defendants also raise sovereign immunity as to the ADEA, ADA, FMLA, injunctive relief, and punitive damages. *Id*. at p. 7-9. Finally, as an alternative, Defendants request a more definite statement as to Plaintiff's claims. *Id*. at p. 9-10. Despite the fact the motion is one brought under Fed. R. Civ. P. 12(b)(6), Defendants attach evidence for this Court's review.

Cobb filed her response in opposition to the motion to dismiss. *See* Doc. 20. She does little to address the substantive arguments asserted by the Defendants. Defendants filed a reply in which they seek to submit additional evidence and the additional rationale of collateral estoppel. *See* Doc. 21. The Court notes that a reply is solely meant to address the issues raised by Plaintiff in her response and not a forum for additional legal basis for dismissal. As such, the Court declines to consider the collateral estoppel argument. At this stage, the motion to dismiss is ripe for this Court's review.

### V.  STANDARD OF REVIEW

All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of*

*Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

**A.     Fed. R. Civ. P. 12(b)(6)**

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Gilmore*, 125 F. Supp.2d at 471. It is a low threshold for the non-moving party to survive a motion to dismiss for failure to state a claim in order to reflect the liberal pleading requirements set forth in the Federal Rules of Civil Procedure. *Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985); *see Gilmore*, 125 F.Supp.2d at 471 (citing *Ancata*). In deciding a 12(b)(6) motion to dismiss, the court will accept the petitioner's allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L. Ed.2d 59 (1984); *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998); *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998) (citing *Lopez v. First Union National Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir. 1997)). However, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)); *see also Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (conclusory allegations and unwarranted deductions of fact are not admitted as true).[2]

---

[2] *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

In other words, a complaint should be dismissed "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, 127 S.Ct. 1955, 1966 (2007). Moreover, "this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 1965 (citations omitted). Factual allegations must be enough to raise a right to relief above the speculative level. *Id*. Thus, it does not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. *Id*. at 1974.

**B.     Fed. R. Civ. P. 12(e)**

Federal Rule of Civil Procedure 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." However, motions for a more definite statement are disfavored under the law and are rarely granted. *Fathom Exploration, LLC v. Unidentified Shipwrecked Vessel or Vessels*, 352 F.Supp.2d 1218, 1221 (S.D. Ala. 2005); *Campbell v. Miller*, 836 F.Supp. 827, 832 (M.D. Fla.1993). "[A] motion for a more definite statement must be denied if the complaint attacked thereby, considered as a whole, fairly gives notice of the claim or claims asserted therein so as to permit the filing

of a responsive answer." *Herman v. Continental Grain Co.*, 80 F.Supp.2d 1290, 1297 (M.D. Ala. 2000). Furthermore, "[a] motion for more definite statement is not a substitute for discovery." *Fathom*, 352 F.Supp.2d at 1221-22.

## VI. DISCUSSION AND ANALYSIS

### A. *Res Judicata*

The Defendants have moved to dismiss Cobb's claims under the doctrine of *res judicata* based on a prior case filed in this district. However, at this stage in the litigation, dismissal based on *res judicata* is inappropriate. In *Concordia v. Bendekovic*, 693 F.2d 1073, 1075-76 (11th Cir. 1982), the Eleventh Circuit explained the difference between a Rule 12(b) dismissal motion and a Rule 56 motion for summary judgment based on *res judicata*. Specifically, the Eleventh Circuit stated *res judicata* is actually not a defense under Rule 12(b); it is an affirmative defense that should be raised under Rule 8(c). Nevertheless, the Eleventh Circuit has allowed res judicata defenses to be asserted in the form of a Rule 12(b)(6) motion "where the defense's existence can be judged on the face of the complaint." *Id.*; *see also McCleskey v. City of Dothan, Ala.*, 2009 WL 4671454, *4 (M.D. Ala. 2009) (citing *Concordia*).

Plaintiff's complaint does not reference Cobb 1 and therefore, the Court cannot state with certainty that the *res judicata* defense can be judged solely by the face of the instant complaint. The Court was aware that there was another case filed by the Plaintiff and thus entered an order for her to clarify her claims so that the Court could determine whether

consolidation was appropriate. However, that order and the response do not clearly establish that dismissal under Rule 12(b) would be appropriate.

Defendants attach exhibits to their motion in support of their motion. As such, the Court must either exclude the evidence or treat the 12(b)(6) motion as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 12(d). The Court declines to construe the instant motion as one for summary judgment and thus will not consider the attached evidence. By Defendants' own admission in their motion, the individual defendants had been dismissed, but the case as a whole had not yet been fully decided at the time of the filing of the motion. *See* Doc. 14 at p. 1, FN 1 ("The Magistrate *has* recommended dismissal of the remaining claims in Cobb 1.") (emphasis added). Moreover, Defendants further state that Plaintiff's last attempt to amend her complaint was denied. *Id*. at p. 1. The Court declines to look at Cobb 1 in piecemeal-fashion and instead will consider the *res judicata* defense in a summary judgment motion which appropriately addresses the full resolution, if applicable, to the claims in Cobb 1. Thus, the Court now turns to the additional grounds asserted in Defendants' motion to dismiss.

**B.     The State and DHR**

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. CONST. AMEND. XI; *see also Pennhurst State School & Hosp. v.*

*Halderman*, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (The Eleventh Amendment bars suit directly against a state or its agencies, regardless of the nature of relief sought); *Toth v City of Dothan, Ala.*, 953 F. Supp. 1502, 1506 (M.D. Ala. 1996) (citing Eleventh Amendment). Specifically, an unconsenting state is immune from lawsuits brought in federal court by the state's own citizens unless Congress has abrogated immunity or the state has waived its immunity. *Toth*, 953 F.Supp. at 1506 (citations omitted); *see also Raspberry v. Johnson*, 88 F.Supp.2d 1319, 1324-25 (M.D. Ala. 2000) (citation omitted) ("[T]he Eleventh Amendment unequivocally bars suits for money damages against a state by the citizens of that state, unless the state consents to suit or specifically waives its Eleventh Amendment immunity.").

It is also well-established that the Eleventh Amendment protects "not only actions in which a State is actually named as the defendant, but also in certain actions against state agents and state instrumentalities." *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429, 117 S.Ct. 900, 903, 137 L.Ed.2d 55 (1997). This immunity extends to state agencies as well. *Marous Bros. Constr., LLC v. Alabama State Univ.*, 533 F.Supp.2d 1199, 1201 (M.D. Ala. 2008) (citing Article I, § 14 of the Alabama Constitution and *Phillips v. Thomas*, 555 So.2d 81, 83 (Ala. 1989)). ALA. CODE § 38-2-1 creates the State Department of Human Resources. As a state agency, DHR is entitled to Eleventh Amendment immunity. *Kid's Care, Inc. v. State of Alabama Dep't of Human Res.*, Civ. Act. 2:01-cv-453, 2001 WL 35827965 (M.D. Ala. 2001) (Thompson, J.); *see also Danzy v. State of Ala. Dep't of Human Res.*, 2010 WL

1994902 (S.D. Ala. 2010) (citing *Kid's Care*).

  **i.**  **ADEA and ADA claims**

  With respect to the ADEA claims for monetary damages, Congress did not validly abrogate the state's sovereign immunity. *Kimel v. Florida Board of Regents*, 528 U.S. 62, 91, 120 S.Ct. 631, (2000); *see also Nat'l Ass'n of Bds. of Pharmacy v. Bd. of Regents of the Univ. Sys. of Ga.*, — F.3d —, —, 2011 WL 649951, *15 n. 30 (11th Cir. 2011) (citing holding from *Kimel* on ADEA not validly abrogating sovereign immunity). Moreover, the State has not consented to suit. The same is true with ADA claims. *See Bd. of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 373-74, 121 S.Ct. 955, 967-68, 148 L.Ed.2d 866 (2001). As such, Cobb's claims for money damages pursuant to the ADEA and ADA merit dismissal.

  Cobb also seeks injunctive and declaratory relief. The Eleventh Amendment bars suits seeking retrospective or compensatory relief, but does not generally prohibit suits from seeking only prospective injunctive or declaratory relief. *Summit Medical Assocs. P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999) (citing doctrine asserted in *Ex parte Young* 209 U.S. 123, 28 S.Ct 441, 52 L.Ed. 714 (1908)); *see also Garrett*, 531 U.S. at 374 n. 9, 121 S.Ct. at 968 n. 9 (specifically stating that the holding does not mean that injunctive relief is barred pursuant to *Ex parte Young*). However, if the prospective relief sought is the functional equivalent of money damages, i.e., "it is measured in terms of a monetary loss resulting from a past breach of a legal duty," then *Ex parte Young* does not apply. *Summit*, 180 F.3d at 1337

(quoting *Edelman v. Jordan*, 415 U.S. 651, 669, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)). Additionally, the *Ex parte Young* doctrine has other limitations. First, it only applies to "ongoing and continuous violations of federal law" and second, it does not apply where the equitable relief sought "implicates special sovereignty interests." *Id*. (citations omitted). In the case at hand, as to the ADEA and ADA claims, Cobb seeks to have a declaratory judgment or injunctive relief granted reinstating her to her position as well as benefits relating to that position and a removal of all adverse records from her employment file. In essence what Cobb seeks by her claim is the functional equivalent of money damages and addresses past conduct, not ongoing violations of federal law. Thus, Eleventh Amendment immunity remains and requires dismissal of the claims.

    **ii.**    **FMLA**

The FMLA guarantees eligible employees twelve workweeks of leave during any twelve month period for the following reasons:

> (A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.
>
> (B) Because of the placement of a son or daughter with the employee for adoption or foster care.
>
> (C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.
>
> (D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.
>
> (E) Because of any qualifying exigency (as the Secretary shall, by regulation,

> determine) arising out of the fact that the spouse, or a son, daughter, or parent of the employee is on covered active duty (or has been notified of an impending call or order to covered active duty) in the Armed Forces.

29 U.S.C. § 2612(a)(1).

Four of the sections pertain to the care of a family member. The final category, Subsection (D), does not relate to the care of family members, but instead relates to the employee's own health. It is generally referred to as the self-care provision of the FMLA. Cobb's FMLA claim rests on the requirement to "submit information concerning perceived illnesses," "was placed on long-term FMLA sick leave with no legal apparent reason," and "was forced a <u>second time</u> on long-term sick leave." *See* Doc. 1 at ¶¶ 22, 30, and 34. This falls squarely within the self care provision of the FMLA.

Prior to 2003, most circuits had determined that although Congress intended to abrogate the states' Eleventh Amendment immunity as to FMLA suits for money damages, it failed to validly do so. *See, e.g., Garrett v. Univ. of Ala. Bd. of Trs.*, 193 F.3d 1214, 1219 (11th Cir. 1999) (self-care provisions not a valid abrogation of sovereign immunity). In 2003, the United States Supreme Court ruled that Congress had validly exercised its power under § 5 of the Fourteenth Amendment to abrogate the states' Eleventh Amendment immunity with respect to subsection (C) by enacting it to combat a history of gender discrimination. *Nev. Dep't of Human Res. v. Hibbs*, 538 U.S. 721, 123 S.Ct. 1972, 155 L.Ed.2d 953 (2003). The Supreme Court made no mention of the self-care provision in subsection (D). Thus the Court must now determine whether, in light of *Hibbs*, Congress

validly abrogated sovereign immunity with regard to subsection (D)'s self-care provision.

Since 2003, the Fourth, Fifth, Sixth, Seventh, and Tenth Circuits have recognized that, despite the ruling in *Hibbs*, states may still assert an Eleventh Amendment immunity defendants to claims brought pursuant to Subsection (D). *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 192-94 (4th Cir. 2010); *Nelson v. Univ. of Tex. at Dallas*, 535 F.3d 318, 321 (5th Cir. 2008); *Toeller v. Wisconsin Dep't of Corr.*, 461 F.3d 871, 877-79 (7th Cir. 2006); *Touvell v. Ohio Dep't of Mental Retardation and Developmental Disabilities*, 422 F.3d 392, 398-405 (6th Cir. 2005); *Brockman v. Wyoming Dep't of Family Servs.*, 342 F.3d 1159, 1164-65 (10th Cir. 2003). This Court finds the analysis and rationale of those courts to be persuasive. Moreover, the Eleventh Circuit, in a post-*Hibbs* unpublished opinion, found that it's holding in *Garrett* remains the law of the Circuit. *Batchelor v. S. Fla. Water Mgmt. Dist.*, 242 Fed. Appx. 652, 653 (11th Cir. 2007) (unpublished). That is, "Congress is without authority to abrogate state sovereign immunity for claims arising under the self-care provision of the FMLA." *Id*.

Thus, the Court finds that the FMLA claims asserted against the State and DHR fail as the Defendants are entitled to sovereign immunity.

### C.     Individual Defendants - Riley, Buckner, King, and Nelson

The individual defendants state that they are not subject to suit individually under Title VII, ADEA, ADA, or FMLA.[3]

---

[3]     Defendants apparently ignore Plaintiff's Title VI claim (Count 2) and thus, the claim remains, though the Court suspects that Cobb will not be able to maintain this claim as

i.      **Title VII**

The individual defendants assert they cannot be held liable in their individual capacities as individual capacity lawsuits are disallowed under Title VII. *See* Doc. 14 at p. 6. In the Eleventh Circuit, a plaintiff may not bring a Title VII claim against an employer's agent in his individual capacity. *See Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) (no individual responsibility under Title VII); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("The relief granted under Title VII is against the *employer*, not the individual employees whose actions would constitute a violation of the Act.") (emphasis in original); *see also Cross v. Alabama Dep't of Mental Health & Mental Retardation*, 49 F.3d 1490, 1504 (11th Cir. 1995) (affirming the *Busby* holding after the 1991 amendments to Title VII and holding liability under Title VII is limited to official-capacity actions). Therefore, Cobb's claims against the individual defendants in their individual capacities are due dismissal.

A plaintiff may bring a Title VII suit against an individual in his official capacity. *See Cross*, 49 F.3d at 1504. However, when a plaintiff names both the employer and the individual supervisor in his official capacity, the supervisor may be dismissed from the action. *See Taylor v. Alabama*, 95 F.Supp.2d 1297, 1309 (M.D. Ala. 2000) (citing *Cross*, 49 F.3d at 1504) (where a Title VII plaintiff names the employer as a defendant, any of the

---

courts "have generally concluded that individuals may not be held liable for violations of Title VI because it prohibits discrimination only by recipients of federal funding." *Shotz v. City of Plantation*, 344 F.3d 1161, 1170 (11th Cir. 2003).

employer's supervisory officials also named in the complaint may be dismissed from the action); *see also Moss v. W & A Cleaners*, 111 F.Supp.2d 1181, 1187 (M.D. Ala. 2000) ("If a Title VII plaintiff names his or her employer as a defendant, any of the employer's agents also named in the complaint may be dismissed from the action."). Cobb named the State and DHR as defendants in her Title VII claims. Ergo, the Title VII complaints against the individuals in their official capacities are redundant and therefore due dismissal.

### ii.     ADEA and ADA

The individual defendants also aver they cannot be held liable in their individual capacities under the ADA. *See* Doc. 14 at p. 6. It is unclear whether Cobb actually asserts a claim under the Age Discrimination in Employment Act ("ADEA"). While Plaintiff does make one reference to the ADEA, the balance of her references to age are embedded in her FMLA and Title VI claims. Defendants' argument provides no additional clarity. The section header refers to ADEA and ADA. Further, Defendants reference the ADEA and ADA apparently interchangeably. Regardless of the poor draftsmanship on the part of both parties, the claims still merit dismissal.

The Eleventh Circuit has explicitly ruled there is no individual liability under the anti-retaliation provision of the ADA as it is no different than Title VII. *Albra v. Advan, Inc.*, 490 F.3d 826, 830 (citing *Mason*, 82 F.3d at 1009). The Eleventh Circuit specifically states "individual defendants are not amenable to private suit for violating the anti-discrimination provision of Subchapter I of the ADA." *Id*. The same is true with the ADEA. *See Smith v.*

*Lomax*, 45 F.3d 402, 403 n. 4 (11th Cir. 1995). In short, "Title VII, the ADA, and the Age Discrimination in Employment Act all have similar definitions of 'employer' and courts routinely apply arguments regarding individual liability to all three statutes interchangeably." *Dearth v. Collins*, 441 F.3d 931, 934 n.2 (11th Cir. 2006) (citation and internal quotations omitted). With regard to an official capacity claim against each individual, the claims merit dismissal under sovereign immunity. Official-capacity lawsuits are, "in all respects other than name, ... treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985). Because damages are recovered from the government entity itself and not the official's personal assets, the real party in interest is the entity and not the official personally. *See id.* Thus, for the same reasons discussed in the previous section on the State and DHR, the ADEA and ADA claims against the individuals in the official capacities fail. As such, the ADA and ADEA complaints against the individual defendants, whether in official or individual capacity, are due dismissal.

    **iii.    FLMA**

A public official sued in his or her individual capacity is not an "employer" under the FMLA. *Wascura v. Carver*, 169 F.3d 683, 687 (11th Cir. 1999); *see also Sprinkle v. City of Douglas, Ga.*, 621 F.Supp.2d 1327, 1343 (S.D. Ga. 2008) (citing *Wascura* and its holding on no individual liability under FMLA); *Stokes v. City of Montgomery*, 2008 WL 4369247, *15 (M.D. Ala. 2008) (same). Consequently, the individual capacity claims must be dismissed. Moreover, as Cobb sued the State and DHR, official capacity suit against the

individuals is redundant. Also, as discussed previously, the State and DHR are entitled to sovereign immunity for the FMLA claim which would also apply in an official capacity suit. Thus, the FMLA claims against the individuals merit dismissal.

### D. Punitive Damages

As relief, Cobb requests punitive damages. Defendants contend she cannot maintain the request because punitive damages are not available against the State and DHR. *See* Doc. 14 at p. 9. The Court agrees. Title VII disallows punitive damage awards against the government or a governmental agency. *See* 42 U.S.C. § 1981a(b)(1) ("A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision)." As a result, courts applying 42 U.S.C. § 1981a(b)(1) have dismissed Title VII punitive damages claims brought against state governmental agencies and officials. *See Bryant v. Locklear*, 947 F.Supp. 915, 916 (E.D.N.C. 1996) (dismissing punitive damage claims against state university and university official acting in official capacity); *Bremiller v. Cleveland Psychiatric Inst.*, 879 F.Supp. 782, 789 (N.D. Ohio 1995) (finding on motion to dismiss that § 1981a(b)(1) prohibited award of punitive damages against state government agency); *see also Tseng v. Florida A&M Univ.*, Civ. Act. No. 4:08-cv-91, 2009 WL 311105 (N.D. Fla. 2009) (unpublished) (dismissing claim for punitive damages against state agency); *Walker v. H. Councill Trenholm State Technical Coll.*, Civ. Act. No. 2:06-cv-49, 2006 WL 2460592, *2 (M.D. Ala. 2006) (unpublished) (same).

Based on the above, the punitive damages claim merits dismissal with regards to the State and DHR.

## VII.   REMAINING CLAIMS

With respect to the Title VII claim against the Department, Congress validly abrogated the state's sovereign immunity. *In Re Employment Discrimination Against the State of Alabama*, 198 F.3d 1305, 1308 (11th Cir.1999). Thus, the Title VII claim remains against the State and DHR. Next, as there is no mention of the Title VI claim in the motion to dismiss, the claim remains against all parties.

## VIII.   MOTION FOR MORE DEFINITE STATEMENT

Defendants also filed their alternative motion for a more definite statement. As noted above, the sole remaining claims are the Title VI claim (as to all defendants) and Title VII (as to the State and DHR). Thus, the motion for a more definite statement is moot as to all but those claims. So the Court turns to Cobb's claims under Title VII and Title VI.

When considering a motion for more definite statement, the Court should be mindful of the liberal pleading requirements of the Federal Rules of Civil Procedure in which a "short and plain statement of the claim" will suffice. FED. R. CIV. P. 8(a)(2). A careful review of Plaintiff's complaint shows that she provided a detailed factual basis for her claims as a well as identifying each statute in a specific count. Her complaint is not so "vague or ambiguous" that Defendants could not be reasonably be required to respond. In fact, as evidenced by the fact Defendant Graham answered and preserved her defenses, the Court finds that Cobb's

complaints satisfies the threshold requirements of the Federal Rules of Civil Procedure. Consequently, the motion for a more definite statement should be denied.

## IX.  CONCLUSION

Accordingly, for the foregoing reasons, it is the **RECOMMENDATION** of the Magistrate Judge that:

(1) *Defendants' Motion to Dismiss* (Doc. 14) be **GRANTED in part** and **DENIED in part**.

(2) The motion to dismiss be granted in that (a) Plaintiff's FMLA, ADEA, and ADA and punitive damages claims be dismissed against all defendants; and (b) Plaintiff's Title VII claims be dismissed against individual defendants Bob Riley, Nancy Buckner, Conitha King, and Craig Nelson.

(3) The motion to dismiss be denied as to the remaining requests.

(4) The alternative motion for a more definite statement (Doc. 14) be **DENIED**.

(5) This case be referred back to the Magistrate Judge for additional proceedings

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **April 5, 2011**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 22nd day of March, 2011.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE