IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |  |
|---|---|---|
| JANIE D. COBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:10cv502-MHT |
| | ) | (WO) |
| STATE OF ALABAMA, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

In this lawsuit, plaintiff Janie D. Cobb, a pro se litigant, charges that various officials of the State of Alabama discriminated against her on the basis of age, gender, and perceived disability in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq.; the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601, et seq.; Title VI and Title VII of the Civil Rights Act, 42 U.S.C. § 2000d, et seq.; and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq.  Cobb alleges that the officials required her to work near toxic chemicals that eventually made her ill.

She asserts that they then forced her to take mandatory sick leave without the FMLA's protections. She names as defendants the State of Alabama as well as the following individuals: former Governor Bob Riley, Nancy Buckner, Conitha King, Craig Nelson, and Jackie Graham, all of whom are sued in their personal and official capacities. This court has jurisdiction under 28 U.S.C. § 1331 (federal question) and 42 U.S.C. § 1343 (civil rights).

All the defendants, except Graham, have moved to dismiss all of Cobb's claims, except the Title VI one, on sovereign immunity grounds. The magistrate judge recommends dismissal of the ADEA, FMLA, and ADA claims as to all moving defendants, and the dismissal of the Title VII claims against the individual moving defendants in their personal and official capacities. The magistrate judge further recommends denying the moving defendants' alternative motion for a more definite statement. The magistrate judge also set aside the res judicata issue until summary judgment. For the following reasons, the

magistrate judge's recommendation is rejected as to Cobb's requests for prospective relief under these statutes and is adopted in all other respects.

## I.  Standard of Review

Under 28 U.S.C. § 636(b)(1), this court conducts a de novo review of a magistrate judge's recommendation on a motion to dismiss.

## II.  Discussion

### A.

As an initial matter, there is some confusion as to whether the Alabama Department of Human Resources (DHR) is a party in this matter.  In his recommendation, the magistrate judge refers to DHR as a defendant even though the court docket does not list DHR as a party and there is no evidence of service, or even attempted service, on DHR.  Admittedly, DHR is referred to as a defendant in the motion to dismiss at issue.  However, upon a close reading of Cobb's complaint and her July 22, 2010, reply

to a court order seeking clarification, it is clear that Cobb did not name DHR as a defendant in this case. DHR is therefore not a party. To the extent that the magistrate judge's recommendation names and discusses DHR as a party, this court will view that discussion as surplusage.

B.

The magistrate judge recommends granting the motion to dismiss the ADA, ADEA, and FMLA claims. Cobb objects to these findings, arguing that Alabama and its officials are liable under these statutes. The moving defendants have not filed a response to this objection. Before jumping into the sovereign-immunity thicket, the court highlights four categories of claims and defendants to serve as guideposts: (1) claims against officials acting in their individual capacity; (2) claims against the State; (3) claims against state officials in their official capacities for retrospective relief; and (4)

claims against state officials in their official capacities for prospective relief.

First, the magistrate judge properly recommends dismissing the claims against officials in their personal or individual capacity. Under Eleventh Circuit case law, officials acting in their individual capacity are not personally liable under the ADA, ADEA, and FMLA. See Albra v. Advan, Inc., 490 F.3d 826 (11th Cir. 2007) (ADA); Smith v. Lomax, 45 F.3d 402, 403 n.4 (11th Cir. 1995) (ADEA); Wascura v. Carver, 169 F.3d 683, 687 (11th Cir. 1999) (FMLA).

Second, the magistrate judge correctly found that Alabama has sovereign immunity with respect to these claims. Indeed, the Supreme Court has directly spoken to the issue of whether Congress validly abrogated the States' sovereign immunity when it enacted the ADA and ADEA. See Bd. of Trs. of the Univ. of Ala. v. Garrett, 531 U.S. 356 (2001) (ADA); Kimel v. Florida Bd. of Regents, 528 U.S. 62 (2000) (ADEA). And notwithstanding

5

the Supreme Court's holding on the FMLA's family-leave provisions, Nevada Dep't of Human Resources v. Hibbs, 538 U.S. 721 (2003), the Eleventh Circuit Court of Appeals has held that Congress failed to abrogate validly the States' sovereign immunity in the FMLA's self-care provisions, which are at issue in this case.  See Garrett v. Univ. of Ala. Bd. Of Trs., 193 F.3d 1214, 1219 (11th Cir. 1999), rev'd on other grounds Garrett, 531 U.S. at 374; see also Batchelor v. S. Fla. Water Mgmt. Dist., 242 Fed. Appx. 652, 653 (11th Cir. 2007) (unpublished) (affirming Garrett's validity post-Hibbs).  Absent a valid waiver or abrogation, Alabama may not be sued in federal court for either money damages or injunctive relief.  See Alabama v. Pugh, 438 U.S. 781 (1978).

Third, the magistrate judge's recommendation for the dismissal of Cobb's requests for damages against officials in their official capacities should be adopted. An official-capacity suit for damages is treated the same as a suit against the State itself.  See Kentucky v.

Graham, 473 U.S. 159, 165-66 (1985). Because Alabama may not be sued for money damages under these causes of action, the official-capacity requests for damages must fail.

Finally, the court turns to the question of prospective relief against the state officials in their official capacities. The magistrate judge's reasoning reveals two errors: conflating claims against state officials and the State itself; and construing Cobb's requests for prospective relief as retrospective relief. The magistrate judge incorrectly rejected relief against the state officials because he believed that suits against state officials should be treated the same as suits against the State itself. See Recommendation, at 16 (Doc. No. 25). While this is true for money damages, the Supreme Court held in Ex parte Young, 209 U.S. 123 (1908), that official-capacity suits for prospective relief may proceed, regardless of sovereign immunity.

Of course, Ex parte Young's "legal fiction" only encompasses requests for injunctive or declaratory relief. Young's exception to sovereign immunity is not triggered if the requested "prospective relief is the functional equivalent of money damages." Summit Medical Assoc., P.C. v. Pryor, 180 F.3d 1326, 1337 (11th Cir. 1999); see also Edelman v. Jordan, 415 U.S. 651, 668 (1974) (holding that the Eleventh Amendment prohibited the award of retroactive payments as compensation). The magistrate judge reasoned that Cobb's requests for prospective relief against the state officials in their official capacities were, in fact, retrospective because they sought "the functional equivalent of monetary damages and addresse[d] past conduct, not ongoing violations of federal law." Recommendation, at 11. Accordingly, he recommends dismissing those requests for relief on Eleventh Amendment grounds.

The question, then, is whether Cobb's requests for relief against state officials in their official capacity

8

are accurately characterized as seeking prospective or retrospective relief. In determining whether Young applies, "a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" Verizon Maryland, Inc. v. Public Service Comm. of Maryland, 535 U.S. 635, 645 (2002) (quoting Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 296 (1997)) (alteration in original). After an examination of the complaint, it is clear that the magistrate judge improperly lumped together Cobb's requests for prospective relief and treated them as requests for retrospective relief.

Cobb's complaint requests several distinct forms of prospective relief. First, Cobb seeks immediate reinstatement to her old position (or a higher one). Comp. at a (Doc. No. 1). Second, she asks that the defendants expunge all adverse employment records relating to the unlawful disability discrimination. Id.

9

at g.  Finally, she explicitly seeks prospective relief for her FMLA claims: a declaratory judgment on the FMLA claim, id. at d; and an injunction requiring compliance with the FMLA, id. at e.

Young's "ongoing and continuous requirement" for prospective relief is satisfied here.  Summit, 180 F.3d at 1338.  Reinstatement is a quintessential form of prospective relief.  See Cross v. State of Ala., State Dep't of Mental Health & Mental Retardation, 49 F.3d 1490, 1503 (11th Cir. 1995); see also State Employees Bargaining Agent Coalition v. Rowland, 494 F.3d 71, 96 (2d Cir. 2007) (commenting that every circuit to address the question has held that sovereign immunity does not bar reinstatement after an unlawful termination).  Regarding expungement, the existence of adverse employment records predicated on unlawful discrimination is an ongoing constitutional violation.  If the disputed records were to remain in her file, Cobb could one day be unfairly maligned by these allegedly discriminatory

10

records. Cf. Camp v. Cason, 220 Fed. Appx. 976, 982 (11th Cir. 2007) (treating claim for expungement of employment records for Privacy Act violation as prospective relief); Valmonte v. Bane, 18 F.3d 992 (2d Cir. 1994) (holding that erroneous listing on child-abuse registry was an ongoing due process violation). And, of course, a request for declaratory and injunctive relief pursuant to the FMLA is prospective relief.

However, Cobb does conflate her requests for prospective and retrospective relief in some respects. When requesting reinstatement, she also asks for the "return [of] los[t] benefits." Comp. at a. To the extent that this request is construed as "back pay," Cobb is seeking retrospective relief. See Lussier v. Dugger, 904 F.2d 661, 669 (11th Cir. 1990) (holding that the reward of certain retroactive pay and benefits "would constitute the payment of money damages from the state treasury"). Additionally, Cobb seeks medical and out-of-pocket expenses, back pay, and liquidated damages under the

11

FMLA.  Comp. at h-j.  These requests for relief are retrospective and, therefore, are barred by sovereign immunity.  See Edelman, 415 U.S. at 677 ("[A] federal court's remedial power, consistent with the Eleventh Amendment...may not include a retroactive award which requires the payment of funds from the state treasury.") (internal citations omitted).  Although the magistrate judge erred by treating Cobb's request for liquidated damages under the FMLA as a request for punitive damages under Title VII, Cobb's request still fails because it is retrospective.

\* \* \*

For the foregoing reasons, it is ORDERED as follows:

(1) Plaintiff Janie D. Cobb's objections (Doc. No. 26) are sustained in part and overruled in part.

(2) The magistrate judge's recommendation (Doc. No. 25) is adopted in part and rejected in part.

(3) Defendants State of Alabama, Bob Riley, Nancy Buckner, Conitha King, and Craig Nelson's first motion to dismiss (Doc. No. 14) is granted in part and denied in part.

(4) The following claims are dismissed:

    (a) Plaintiff Cobb's ADA, ADEA, FMLA, and Title VII claims against the individual moving defendants in their personal capacity.

    (b) Plaintiff Cobb's ADA, ADEA, and FMLA claims against defendant State of Alabama.

    (c) Plaintiff Cobb's ADA, ADEA, FMLA, and Title VII claims for money damages against the individual moving defendants in their official capacities.

(5) Said motion to dismiss is denied as to the following claims, which remain pending:

    (a) Plaintiff Cobb's ADA, ADEA, FMLA, and Title VII claims for prospective relief, as described in this opinion, against the

individual moving defendants in their official capacity.

(b) Plaintiff Cobb's Title VII claim for money damages against defendant State of Alabama.

(6) Because defendant Jackie Graham did not participate in the first motion to dismiss, this order is inapplicable to her.

(7) Plaintiff Cobb's Title VI claim remains pending.

(8) The moving defendants' alternative motion for a more definite statement (Doc. No. 14) is denied.

(9) Because the Alabama Department of Human Resources is not a party, this order is inapplicable to it.

It is further ORDERED that this cause is referred back to the magistrate judge for further appropriate proceedings.

DONE, this the 22nd day of August, 2011.

      /s/ Myron H. Thompson
   UNITED STATES DISTRICT JUDGE