IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JANIE D. COBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10-cv-502-MHT |
| | ) | (wo) |
| STATE OF ALABAMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. *See* Doc. 3. Pending before the Court is Plaintiff's Motion for Preliminary Injunctive Relief and Order (Doc. 31, filed 8/10/11). The Court convened a hearing on the matter on September 15, 2011. After due consideration of the briefs, oral arguments, and the applicable law, it is the Recommendation of the Magistrate Judge Plaintiff's Motion for Preliminary Injunctive Relief and Order be DENIED.

### I. BACKGROUND

Plaintiff Janie Cobb ("Cobb" or "Plaintiff") filed this second action against Defendants on June 11, 2010. *See* Doc. 1. Cobb was employed by the State of Alabama Department of Human Resources as an account technician on March 23, 2002. Cobb made various complaints that from October 20, 2008 to September 8, 2009, she was required to sit

and work with chemicals and that the chemical Cadmium was the cause of her health complaints. *Id*.

On August 10, 2011, Cobb filed this motion for preliminary injunctive relief wherein she seeks to prevent Defendants from proceeding with the termination action against her as well as any other retaliatory actions *See* Doc. 31.  Cobb asserts that she will be irreparably harmed should Defendants be permitted to proceed.  The termination proceeding stems from the underlying facts in this case.  On September 8, 2009, Cobb was placed on mandatory unpaid leave until she furnished to the State a medical release certifying that she is not a danger to herself or others and a complete psychiatric evaluations certifying that she is competent to perform the essential duties of her job.  *See* Doc. 39 at Exhibit 6.  Defendants received no documentation and thus initiated disciplinary proceedings on August 1, 2011.  *Id*.  A Personnel Hearing was held on August 15, 2011.  At the hearing Cobb acknowledged that she did not provide the requested medical clearance and that she had no intention of ever providing it.  *See* Doc. 39 at Exhibit 7.  The Hearing Officer recommended termination and issued a fourteen page Order and Recommendation.  *Id*.  The appointing authority accepted the recommendation and a termination letter was issued.  *See* Doc. 39 at Exhibits 7-8.  Plaintiff timely filed her request for appeal and the hearing is set for October 25, 2011.

Defendants timely filed their respective responses in opposition.  *See* Docs. 38-39.  In addition, the Court held a hearing on the matter wherein the parties made additional arguments in support of their positions. Therefore, Plaintiff's motion for injunctive relief has

been fully briefed and is ripe for the Court's review.

## II.  DISCUSSION AND ANALYSIS

A preliminary injunction in advance of trial is an extraordinary remedy. *Bloedorn v. Grube*, 631 F.3d 1218 (11th Cir. 2011) (citing *United States v. Jefferson Cnty.*, 720 F.2d 1511, 1519 (11th Cir. 1983)). The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002) (citations omitted). A party is entitled to a preliminary injunction if he establishes the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the party outweighs the potential harm to the opposing party; and (4) that the injunction will not disserve the public interest. *Id.*; *see also Bloedorn*, 631 F.3d at 1229 (listing 4 elements). A preliminary injunction is a drastic remedy, hence Cobb bears the burden to clearly establish all four elements. *See Café 207 v. St. Johns County*, 989 F.2d 1136, 1137 (11th Cir. 1993). If she is unable to show one element, the others need not be considered.

Cobb cannot demonstrate that she will suffer irreparable harm. While certainly termination would cause her harm, Cobb cannot show that the harm from termination is irreparable. First, the appellate process through the State Personnel Board is not yet complete. Cobb still has pending her appeal which is set for October 25, 2011. Though the recommendation may stand, it is not a foregone conclusion that the process will result in Cobb's termination. Next, there is the appellate process which is available to her through the

Alabama Administrative Procedures Act. It is well settled that speculative, conjectural harm does not constitute irreparable injury. *See Church v. City of Huntsville*, 30 F.3d 1332, 1337 (11th Cir. 1994) ("a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate-as opposed to a merely conjectural or hypothetical-threat of future injury"). Cobb still has the potential for a successful outcome at her appeal. Moreover, the Court does not feel it appropriate to interfere in the due process proceedings established by the State as it would not only be a speculative ruling for Cobb, but may encourage future plaintiffs to bypass the administrative process entirely by filing their own requests for injunctive relief. To allow the administrative process to function will serve purposes for both sides too numerous to list such as, to allow the parties to sharpen the issues, to resolve the issues in a manner satisfactory to each party, and to resolve the matter in the most economical fashion. To allow the administrative action to run a full course serves an important function for the Court – to allow a ripe case or controversy to arise. Regardless of reason, the process exists for sound reasons and to bypass the administrative process may negate those reasons entirely.

  Secondly, even if Cobb is terminated, the harm would not be irreparable. Cobb has already included retaliation as a claim in her lawsuit. Thus, the possibility that adequate compensatory and other corrective relief at a later date weighs heavily against a claim of irreparable harm. *Drago v. Holiday Isle, L.L.C.*, 537 F.Supp.2d 1219, 1222 (S.D. Ala. 2007) (citing *Sampson v. Murray*, 415 U.S. 61, 90, 94 S.Ct. 937, 953, 39 L.Ed.2d 166 (1974)).

Cobb has the potential for monetary damages for the claim. "[I]f an injury can be 'undone through monetary remedies,' it is not irreparable." *SME Racks, Inc. v. Sistemas Mecanicos Para, Electronica, S.A.*, 243 Fed. Appx. 502, 504 (11th Cir. 2007) (quoting *Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla.*, 896 F.2d 1283, 1285 (11th Cir. 1990)). Court remedies could include reinstatement, backpay, retroactive benefits, and a number of other options. Consequently, injunctive relief is not the sole remedy at Cobb's disposal.

As Cobb fails to meet the requirement to demonstrate irreparable harm, the Court need not evaluate the other 3 requirements for a preliminary injunction. However, the Court notes that it is also highly unlikely that Plaintiff can meet the element for substantial likelihood for success on the merits. The previous case, *Cobb v. State of Alabama*, Civ. Act. No. 2:09-cv-226-MEF (M.D. Ala. 2010), was dismissed on October 25, 2010 and the claims involved were virtually identical to the ones at issue in the instant suit.[1]

### III. CONCLUSION

Accordingly, it is the **RECOMMENDATION** of the Magistrate Judge that *Plaintiff's Motion for Preliminary Injunctive Relief and Order* (Doc. 31) be **DENIED**.

It is further **ORDERED** that the parties file any objections to this Recommendation

---

[1] The Court previously refused to grant dismissal based on *res judicata*, but did not address the defense on the merits. The refusal was related solely to the fact the defense was submitted as part of a Rule 12(b)(6) motion to dismiss and outside evidence would have to be considered. *See* Docs. 25, 32. Rather, the Court clearly stated that the defense would be considered in a properly submitted motion for summary judgment. *See* Doc. 25 at p. 7-8.

on or before **September 30, 2011**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 16th day of September, 2011.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE