IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JANIE D. COBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:10-cv-502-MHT |
| | ) | (wo) |
| STATE OF ALABAMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. (Doc. 2). Pending before the Court is *Defendants' Second Motion to Dismiss* (Doc. 29, filed 04/08/11)[1]. For good cause, it is the Recommendation of the Magistrate Judge that the District Court GRANT the Second Motion to Dismiss.

**I. DISCUSSION**

The Defendants, the State of Alabama ("the State"), former governor Bob Riley ("Riley"), DHR Commissioner Nancy Buckner ("Buckner"), Conitha King ("King"), and Craig Nelson ("Nelson")[2], move to dismiss Plaintiff, Janie D. Cobb's ("Cobb"), Title VI

---

[1] The Court notes that DHR is included as a party to the Second Motion to Dismiss. (Doc.29). However, this Court previously held that DHR is not a party to this action. (Doc. 32 pp.3-4) . Accordingly, this Motion is not applicable to DHR, a non-party.

[2] Defendant Jackie Graham is not included as party to this motion. (Doc. 29).

Claim set out in Count II of the Complaint. (Doc. 1 at p.7).  The individual Defendants argue that the Title VI claim should be dismissed against them because as a matter of law Title VI prohibits discrimination only by recipients of federal funding and individuals can not be recipients.  (Doc. 29 at p.2).  The State argues that because Plaintiff fails to allege she has been denied benefits under any programs administered by it, the Title VI claim should be dismissed against it.  *Id.*  In her Opposition to the Second Motion to Dismiss, Plaintiff argues that the Motion to Dismiss should be denied "because they have not proven that any discrimination did not occur or that they did not violate Title VI." (Doc. 30 at p.2).

## A.  FACTS

In her Complaint, Cobb, a *pro se* litigant[3], alleges that the Defendants' unlawfully discriminated against her on the basis of age, gender, and a perceived disability in violation of the FMLA (Count I), Title VI (Count II), Title VII (Count III), and the ADA (Count IV). *See* Doc. 1 at p. 6-8.  She seeks "declaratory relief; individual and systemic injunctive relief; actual, compensatory, declaratory, and punitive damages; attorney's fees; and costs of litigation for said discrimination, retaliation, defamation, and harassment and embarrassment perpetuated by Defendant."  (Doc. 1 at p. 2).

Specifically, Cobb avers she has worked for DHR since 1982 and from October 20

---

[3] All litigants, *pro se* or not, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe a *pro se* litigant's pleadings, the court does not have "license to serve as *de facto* counsel for a party. . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). (Citations omitted).

2008 to September 8, 2009 she was required to sit and work with various chemicals, including Cadmium, which Cobb alleges was the chemical that made her sick. Defendants allegedly received a notice of Family and Medical Leave Act ("FMLA") form on October 20, 2008 and involuntarily placed Cobb on long-term sick leave. Defendant Nelson approving the FMLA form was, according to Cobb, an attempt to force a perceived disability on her. At some point, Cobb was permitted to return to work, but was still seated in or near chemicals despite a medical note to move her away from the chemicals. On September 8, 2009, Cobb was allegedly forced to go on long term leave for a second time - this time by Defendant King. When Cobb filed her complaint she was still on the mandatory leave. Cobb also alleges that Defendants passed around falsified information in her absence. All these acts have resulted in pain and suffering as well as a loss of income and employment benefits. (Doc.1 at pp. 4-6).

### B. STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Gilmore v. Day*, 125 F. Supp.2d 468, 471 (M.D. Ala. 2000). It is a low threshold for the non-moving party to survive a motion to dismiss for failure to state a claim in order to reflect the liberal pleading requirements set forth in the Federal Rules of Civil Procedure. *Ancata v. Prison Health Services., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985); *see Gilmore*, 125 F.Supp.2d at 471 (citing *Ancata*). In deciding a 12(b)(6) motion to dismiss, the court will accept the petitioner's allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104

S.Ct. 2229, 2232, 81 L. Ed.2d 59 (1984); *Ellis v. General Motors Acceptance Corp.*, 160 F.3d 703, 706 (11th Cir. 1998); *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1307 (11th Cir. 1998) (citing *Lopez v. First Union National Bank of Florida*, 129 F.3d 1186, 1189 (11th Cir. 1997)).  However, "[c]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1262 (11th Cir. 2004) (quoting *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002)); *see also Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (conclusory allegations and unwarranted deductions of fact are not admitted as true).[4]

### C. ANALYSIS

Title VI provides, in part, as follows:

> No person in the United States shall, *on the ground of race, color, or national origin,* be excluded from participation in, or be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d.  (Emphasis added).  The statute on its face applies only to discrimination on the basis of "race, color, or national origin." *Id.*  Indeed, the Eleventh Circuit has explained when comparing and construing Title VI and Title IX that the statutes are "parallel" except that Title VI *"prohibits race discrimination, not sex discrimination,* and applies in all programs receiving federal funds, not only in education programs." *Shotz v.*

---

[4]*Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

*City of Plantation, Florida,* 344 F.3d 1161, 1170 n.12 (11th Cir. 2003). (Emphasis added). (Citations omitted). It is undisputed that Plaintiff makes no claim of race discrimination. Cobb brings her claims of discrimination based upon "her age and gender and a perceived disability." (Doc. 1 at ¶ 36). Accordingly, because Title VI applies only to race discrimination, the Court concludes that Plaintiff's Title VI claim warrants dismissal.

The individual Defendants also argue that the Title VI claim should be dismissed against them because as a matter of law Title VI prohibits discrimination only by recipients of federal funding and individuals can not be recipients. (Doc. 29 at p.2). Indeed, the Eleventh Circuit has held "[i]t is beyond question . . . that individuals are not liable under Title VI."). *Shotz, id.,* 344 F.3d at 1171. The *Shotz* court reasoned that to allow individual liability under Title VI would exceed the "allowed scope of government enforcement action under the statute." *Id.* at 1170. Rather, that "power may only be exercised against the funding recipient, and we have not extended damages liability . . . outside the scope of this power." *Id.* citing *Davis v. Monroe County Bd. of Educ.,* 526 U.S. 629, 641, 119 S.Ct. 1661, 143 L.Ed.2d 839. (1999).

The *Shotz* court further reasoned that allowing individual liability under the statute "would also violate the contract inherent in each piece of federal legislation enacted under the authority of the Spending Clause of the United States Constitution, U.S. Const. art. I § 8 cl. 1." *Id.* Indeed, "[b]y limiting coverage to recipients, Congress imposes the obligations of [the statutes] upon those who are in a position to accept or reject those obligations as a part

of the decision whether or not to 'receive' federal funds." *Id.* citing *Paralyzed Veterans of Am.,* 477 U.S. 597,605-06, 106 S.Ct. 2705, 2711, 91 L.Ed.2d 494 (1986). Ergo, the Court concludes that the Title VI claim warrants dismissal.

The State also argues that the Title VI claim should be dismissed against it because Plaintiff fails to allege that she has been denied benefits under any programs administered by it. (Doc. 29 at p.2). It is clear under the express language of the statute that Title VI applies only in cases where the allegations are made against a "program or activity" which receives federal monies. 42 U.S.C. § 2000d. Plaintiff, however, alleges that Defendant's acts have resulted in damages including "loss of income and employment benefits." (Doc. 1 at ¶ 33). Defendant is correct; Plaintiff fails to specifically identify in her Complaint any benefits, other than employment benefits, denied to her by programs or activities administered by the State. However, the Court need not decide whether Title VI would reach Plaintiff's employment benefit claims in this instance because the court previously concludes Title VI does not apply to Plaintiff's gender and age claims. *See* 42 U.S.C. § 2000d; *Shotz, id.* Furthermore, the Court notes that Plaintiff's Title VII[5] claims still remain to be decided as set out in the August 22, 2011 Opinion and Order of this Court. (Doc. 32.). Thus, the Court concludes that the Title VI claim warrants dismissal.

## II. CONCLUSION

Accordingly, for the foregoing reasons, it is the **RECOMMENDATION** of the

---

[5]. Title VII prohibits and employer from discriminating against a person based on race. 42 U.S.C. § 2000e-2(a)(1).

Magistrate Judge that Defendants' Second Motion to Dismiss be **GRANTED** (Doc. 29) and that Plaintiff's Title VI claim be **DISMISSED** with prejudice against all defendants.

It is further **ORDERED** that the parties are **DIRECTED** to file any objections to the said Recommendation not later than **December 14, 2011.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 30th day of November, 2011.

>  /s/ Terry F. Moorer
>  TERRY F. MOORER
>  UNITED STATES MAGISTRATE JUDGE